LABORDE, Judge.
The defendant was charged by indictment on July 10,1984, with the aggravated rape of one John P. Clemons, in violation of La.R.S. 14:42.
On November 2, 1984, defendant filed a motion for a speedy trial. The matter was thus set for trial on February 26,1985. On that date, the state informed the Court that the victim was not available at that time, and a continuance was granted. The trial was reset for April 9, 1985, on which date the matter was again continued, the victim not being available.
On April 23, 1985, the defendant filed a motion requesting that he be released from incarceration, claiming that more than 120 days had passed since his request for a speedy trial had been filed.
The motion was set for hearing on May 9,1985. By joint agreement between counsel, the motion was continued for a period of 30 days, and, by further agreement between counsel, the matter was to be set for trial within that 30-day period, and if the victim should not appear at that time, the State would be in a posture to dismiss the charge.
*342 On June 18, 1985, the matter was again set for trial, at which time a jury was selected. On June 20,1985, before the trial began, the defendant moved to dismiss the case, relying on the agreement made in open court on May 9, 1985. The motion having been denied, the trial commenced and the defendant was found guilty and was subsequently sentenced to serve a term of life imprisonment. The defendant now appeals the denial of the motion to dismiss the charge.
ASSIGNMENT OF ERROR
The defendant contends that an agreement was made on May 9, 1985 between the assistant district attorney and the defendant whereby the State would dismiss the charges against the defendant if the State failed after 30 days to commence trial and produce the State’s witness, the victim. The defendant, in exchange, would agree to continue his motion for release on the basis of a motion for speedy trial having been filed more than 120 days previously. This motion, which was set for hearing on May 9,1985 was continued for 30 days pursuant to the agreement.
Trial commenced on June 18, 1985. The defendant then moved to have the charge dismissed, as more than 30 days had elapsed since the agreement of May 9 had been made. Defendant urges that the trial court erred in denying this motion. In his reason for denying the motion, the trial judge stated that he would not enforce the agreement because, although it was beyond 30 days, the defendant had made no effort after 30 days to enforce the agreement; the matter had become moot since the trial was set and the prosecution witness was present.
The issues are: (1) whether any agreement was made between the state and the defendant; (2) whether any breach of agreement has been committed by the State; and (3) whether the defendant is entitled to have the charge against him dismissed because of a breach by the State. The alleged agreement, made in open court on May 9, 1985, was transcribed as follows:
“THE COURT: Are you ready to proceed, Mr. Harson?
MR. HARSON: Yes, Your Honor, We are ready to take up No. 50336 and 50341, State vs. Nelson P. Walker. I believe it has been agreed between counsel that the motion presently pending will be continued for a thirty day period of time. It is the understanding that the State will endeavor to have that matter set for trial within that thirty day period of time, and in the event that the victim in the case should not appear or not be able to be made available for trial at that time, then the State would then be in a-posture to dismiss both charges against the defendant if the victim will not appear.
THE COURT: Okay.
MR. HARSON: But we will continue this for thirty days.
THE COURT: The defendant is present in Court with counsel?
MR. BALFOUR: Yes, Your Honor.
THE COURT: And is aware of that agreement?
MR. BALFOUR: Yes, Your Honor.
THE COURT: Very well. We will continue the case for thirty days.
MR. HARSON: Thank you, Your Hon- or.
PROCEEDINGS CLOSED.
LAFAYETTE, LOUISIANA
May 9, 1985”
While it is clear than an agreement was made between counsel, the exact nature of the agreement is less clear. The defendant contends that the agreement was simply that all charges would be dropped if trial did not commence within the 30 day period.
A clearer reading of the testimony with respect to the agreement indicates that the State would “endeavor” to set the trial within the 30-day period if the motion for release were continued. Defendant’s relief pursuant to this agreement was to again *343 move for release at the expiration of the 30 days. That the State would be in a “posture” to dismiss the charges against the defendant is clearly no statement of commitment by the State. It is more in the nature of an expression of sentiment by the prosecutor that, should the victim continue to be unavailable, the State would consider dismissing the charges, as pursuing the matter would be pointless.
In any event, the defendant made no effort to enforce the agreement at the expiration of the 30 days. Furthermore, even if the agreement can be read as the defendant suggests, setting the matter for trial (with the victim present) 40 days after the alleged agreement constituted good faith compliance on the part of the State. That, in addition to the defendant’s failure to urge his interpretation of the agreement to seek dismissal at the expiration of 30 days, is sufficient to find that either: 1) the agreement was not breached; or 2) that it should not be enforced as defendant suggests. This assignment of error is without merit.
For the above and foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.